IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Johnny Luther Ricks, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.6:11-2106-MGL |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Johnny Luther Ricks ("Ricks"), brought an action seeking judicial review of a final

decision of the Commissioner of Social Security ("the Commissioner") denying his claim for

Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits under Titles II

and XVI of the Social Security Act. (ECF No. 1.) This matter is before the court for review of the

Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in

accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South

Carolina. (ECF No. 20.)[1]   In his Report and Recommendation, Magistrate Judge McDonald

recommends reversing the Commissioner's decision and remanding the case for further proceedings.

The Commissioner objects to the Report and Recommendation and argues that the ALJ's decision

is supported by substantial evidence and should be affirmed. (ECF No. 22.) After a careful review

---

[1]The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

of the record, the decision of the Administrative Law Judge ("ALJ") and the applicable legal standards, the Court reverses the decision of the Commissioner and remands the matter to the Commissioner for further administrative proceedings consistent with this opinion.

## Procedural Background

Plaintiff filed an application for DIB on March 19, 2008, and for supplemental security income on of March 6, 2008, alleging *inter alia* that he became disabled as of May 26, 2006 due to a broad range of alleged impairments including an injury to his back and knees, depression and cerebral palsy. (R. 112-19, 163.)   His applications were denied initially and again upon reconsideration. ( R. 65-78, 82-85.)   An Administrative Law Judge ("ALJ") conducted a hearing on August 5, 2010.  On August 20, 2010, the ALJ issued a decision denying Plaintiff's claims. Plaintiff requested a review of the ALJ's decision.  On April 29, 2011, the Appeals Council denied Plaintiff's request for review.  Plaintiff's counsel sought an extension to submit new evidence. On June 14, 2011, the Appeals Council set aside the earlier action and considered Plaintiff's additional evidence.  After considering the evidence, the Appeals Council found no reason to review the ALJ's decision and denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  (R.1-11).

Plaintiff filed this action on August 11, 2011.  (ECF No. 1.)  On January 9, 2011, the Magistrate Judge filed his Report and Recommendation and recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and remanded for further proceedings.  (ECF No. 20.)  In the Report and Recommendation, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.  The Commissioner filed timely objections to the Report and Recommendation on January 28, 2013.  (ECF No. 22.)  The

matter is now ripe for review.

## Legal Standard

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the *Commissioner. Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir.1987).

Rules and regulations of the Social Security Administration mandate that the Commissioner make a systematic and careful review of the medical record and other evidence presented by the claimant, which includes the reviewing and weighing of all relevant opinions and diagnoses.  The Commissioner must evaluate each disability claim utilizing a five step process, which begins at Step One with a determination of whether the claimant is still employed. 20 C.F.R. § 404.1520(a).  If the claimant is not gainfully employed, the Commissioner must consider at Step Two the severity of all of the claimant's impairments.  An impairment is "severe" if it "significantly limits" the claimant's

"physical or mental ability to do basic work activities." 20 CFR § 1520(a)(4)(ii), (c). If the claimant has one or more "severe" impairments, the Commissioner must then consider at Step Three whether any of the severe impairments meet or equal a listing in Appendix 1, which would automatically establish the claimant's disability. § 1520(a)(4)(iii). If the claimant does not satisfy one of the listing requirements, the Commissioner must move to Step Four and assess the claimant's Residual Functional Capacity "based on all the relevant medical and other evidence." § 1520(a)(4)(iv), (e). Thereafter, the Commissioner must determine if the claimant is able to perform his past relevant work and, if not, whether there is other available work for the claimant to perform. § 1520(a)(4)(v),(g).

Social Security regulations provide special consideration under certain circumstances for various classes of medical opinions. If a treating physician's opinions are well supported and not contradicted by other substantial evidence in the record, it is entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Even where a physician's opinions are not given "controlling weight," the regulations provide for careful consideration of whether the expert examined the patient, the length and nature of the treatment relationship, and if the expert is a specialist. § 404.1527(d)(l)-(6).

## Report and Recommendation

In the Report and Recommendation, the Magistrate Judge recommended remanding this case for the ALJ to weigh newly produced evidence submitted to the Appeals Council and reconcile this new evidence with the other evidence of record under *Meyer v. Astrue*, 662 F.3d 700, 705-706 (4th Cir. 2011.) (ECF No. 20 at 24.) The Magistrate Judge noted that, on remand, the ALJ would necessarily have to reevaluate the prior findings regarding the weight given to the record medical opinions in light of the new evidence. The Magistrate Judge also found that, to the extent the ALJ

-4-

considers Plaintiff's failure to pursue medical treatment and purchase prescribed medications as evidence weighing against Plaintiff's credibility, the ALJ must make specific factual findings concerning what resources were available to Plaintiff and whether Plaintiff's inability to pay contributed to his failure to seek medical treatment. (ECF No. 20 at 21.)

**Commissioner's Objections**

The Commissioner objects to the Magistrate Judge's Recommendation and argues that the ALJ's decision is supported by substantial evidence. First the Commissioner objects to the Magistrate Judge's recommendation that remand was necessary for a fact finder to weigh the newly produced medical evidence. Next, the Commissioner objects to the Magistrate Judge's conclusion that to the extent the ALJ considers Plaintiff's failure to pursue medical treatment as evidence weighing against Plaintiff's credibility, the ALJ must make specific factual findings concerning what resources were available to Plaintiff and whether Plaintiff's inability to pay contributed to his failure to seek medical treatment. For the reasons stated herein, the Commissioner's objections are overruled.

**Discussion**

**A. Failure of the Fact Finder to Weigh the Newly Produced Medical Opinions Presented to the Appeals Council and Reconcile this New Evidence with Other Evidence in the Record.**

The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. Once the ALJ renders a decision, the claimant is permitted to submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. § 404.968, 404.970(b). This new evidence is then made part of the record. The regulations, however, do not require the Appeals Council to

expressly weigh the newly produced evidence and reconcile it with previously produced evidence before the ALJ.  Instead, the Appeals Council is required only to make a decision on whether to review the case and, if it chooses not to grant a review, there is no express requirement that the Appeals Council weigh the newly produced evidence.  *Meyer v. Astrue* at 705–06.

As the Fourth Circuit recently addressed in *Meye*r, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence.  *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all of the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision.  *Id.* at 707.  However, where the "other record evidence credited by the ALJ conflicts with the new evidence", there is a need to remand the matter to the fact finder "to reconcile that [new] evidence with the conflicting and supporting evidence in the record."  *Id.*  Remand is necessary because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder."  *Id.*

In this case, the record reflects *inter alia*  that, the ALJ  gave limited weight to the opinion of Dr. Robert Schwartz ("Dr. Schwartz"), Plaintiff's treating physician and to the results of a functional capacity evaluation ordered by Dr. Schwartz.  The ALJ indicated that testing to determine an individual's functional capacity is reliable only to the extent an individual gives full effort and that no assessment of Plaintiff's effort in connection with this testing was indicated.  (R. 25.)  The ALJ also gave no weight to consulting psychologist, Dr. James K. Phillips, III's ("Dr. Phillips") opinion as to the vocational impact of Plaintiff's borderline intellectual functioning but, gave

-6-

considerable weight to the functional limitations outlined by Dr. Phillips.   Here it appears that the ALJ selectively picked certain evidence that supported his opinion but disregarded evidence from the same source that was adverse to the Commissioner's position.  (R. 26 & 448-451.)  Additionally, the ALJ noted Dr. Nancy Voight's ("Dr. Voight") findings but did not give weight to her opinion that it would be hard for Plaintiff to find a job other than manual labor because of his IQ.  (R. 26.) Dr. Voight was the Chief of Psychology and Neuropsychology at Self Regional Heathcare and she evaluated Plaintiff for suicidality, personality, and IQ during his hospitalization in October 2009. (R. 25. & 507.)   Finally, the ALJ appears to have ignored Dr. Samuel  Pendergrass' January 30, 2006 statement that Plaintiff needed to have a "lighter duty job[without] so much standing , lifting, etc. (R. 232.) However, the ALJ appears to have accepted the opinion of Dr. Melissa K. Richardson ("Dr. Richardson") who performed a consultative examination of the claimant in connection with his application for disability benefits.  (R.25-26.)    Following her examination of Plaintiff, Dr. Richardson indicated that Plaintiff demonstrated no spasticity despite a history of cerebral palsy.  Dr. Richardson further opined that Plaintiff had muscle atrophy, leg length discrepancy consistent with the history of congenital abnormalities of the right lower extremity.

The newly produced evidence at the Appeals Council level included two reports from Dr. Vincent S. Toussaint ("Dr. Toussaint") and an evaluation by Thomas F. Kirby, Ph.D. (" Dr. Kirby") In one report, Dr. Toussaint opined *inter alia* "cerebral palsy as in his [Plaintiff's] case interferes with  motor  skills  makes  him  clumsy"  and  "[w]hen  he  worked  there  were  always  complaints (sometimes 20 in one night) of having 'freight mixed' or 'in the wrong place'." (R. 576.)  In Dr. Toussaint's second report, he addressed the issue of pain, gait, spasticity and assigned a specific medial diagnosis for each limitation.  (R. 570.)  Dr. Toussaint's opinion on pain and spasticity

conflicts with Dr. Richardson's findings.

Dr. Kirby assessed Plaintiff's level of adaptive behavior to determine whether Plaintiff was eligible for services through the South Carolina Department of Disabilities and Special Needs ("DDSN"). (R. 225-29.) It was determined that Plaintiff was eligible for DDSN services under the Related Disabilities category for cerebral palsy. (R. 225.) Dr. Kirby indicated that the Plaintiff's adaptive function was near the lower limit of the moderate range and that due to pain and financial problems from not being able to work, Plaintiff suffered from major depression. Dr. Kirby further indicated that Plaintiff had trouble getting his medications due to his poor financial condition. (R. 228-229.) This new evidence is generally consistent with the rejected opinions of Plaintiff's treating physician, Dr. Schwartz and appears to support the subjective testimony of Plaintiff.

The Court finds, under the authority of *Meyer*, that remand is necessary for the fact finder to weigh the newly produced evidence and to reconcile it with other evidence previously in the record. On remand, the ALJ will necessarily need to address the relative weight given to the medical opinions of treating physicians, consulting physicians and non examining physicians. The ALJ will also need to reevaluate the prior findings regarding Plaintiff's credibility and weight given the medical opinion in light of the newly produced evidence.

**B. Failure to Evaluate Plaintiff's Claim of Lack of Financial Resources as an Explanation for Not Pursuing Prescription Medications**

A key element of the ALJ's finding that Plaintiff was not a credible witness was Plaintiff's failure to comply with pain management treatment and the absence of ongoing treatment by a mental heath professional. (R. 28.) Plaintiff testified in a hearing before the ALJ that he had been prescribed Cymbalta by Dr. Schwartz for depression and pain, but that he did not have the money

to purchase it.  (R. 45.)  The ALJ failed to address this issue and therefore, made no finding regarding whether Plaintiff's alleged lack of financial resources was an explanation for his failure to pursue  treatment or pay for medications.  (R. 23-30 & 1-4.)

It is well settled that a claimant for Social Security benefits should not be "penalized for failing to seek treatment [he] cannot afford."  *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986).  Social Security Ruling 96–7P expressly addresses the situation where a claimant asserts that he has not pursued medical treatment because of a lack of financial resources.  *See* SSR 96–7P, 1996 WL 374186.  In such a situation, the fact finder is admonished from drawing "any inferences about an individual's symptoms and their functional effects" from a failure to pursue medical treatment "without first considering any explanations that the individual may provide . . . ."  *Id.* at *7.  Among the examples provided by the Ruling is the situation where the claimant "may be unable to afford treatment or may not have access to free or low-cost medical services."  *Id.* at *8.

Remand is necessary for the fact finder to address the issue of Plaintiff's financial condition and the alleged impact of this on his failure to pursue medical treatment and obtain medical prescriptions.  To the extent the ALJ on remand continues to consider Plaintiff's failure to pursue medical treatment as evidence weighing against his credibility, it is necessary that specific factual findings be made concerning what resources were available to Plaintiff and whether his alleged inability to pay for treatment, diagnostic studies and prescription medications contributed to his failure to seek medical treatment for his various impairments.

**Conclusion**

Based upon the foregoing, the decision of the Commissioner is hereby **REVERSED** pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for further action

consistent with this Order.


                                        /s/ Mary G. Lewis
                                        United States District Judge

Spartanburg, South Carolina
February 14, 2013